IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

ABRAHAM MASHAL,

      Plaintiff,

vs.                                   Case No. 21-SC-000226

SHRECK KITCHENS, BOWMAN DESIGN
GROUP, LLC and HOLIDAY KITCHENS,

      Defendants.

## NOTICE OF REMOVAL

TO:    COUNSEL OF RECORD

      Defendant, Holiday Kitchens, by its attorneys, von Briesen & Roper, s.c., hereby gives notice of the removal of this civil action from the Circuit Court of Kane County, Illinois, to the United States District Court for the Northern District of Illinois.  This Notice of Removal is filed pursuant to 28 U.S.C. §§1441(a), 1441 (c),1446 (c) and 28 U.S.C §1367 (a).  As grounds for removal, defendant states as follows:

**JURISDICTION AND VENUE**

      1.    This Court has original jurisdiction under 28 U.S.C. §1331, and this case may be removed pursuant to the provisions of 28 U.S.C. §1441(a) and (c) because it is a civil action wherein the Plaintiff has asserted a claim under Federal Statute, namely the Magnuson-Moss Act (See Summons and First Amended Complaint marked as Exhibit A and attached hereto).

2. Co-defendants Schreck Kitchens and Bowman Design Group, LLC have consented to the removal of the action (See Consent for Removal marked as Exhibit B and attached hereto).

3. Supplemental Jurisdiction over all of the claims asserted in Plaintiff's Amended Complaint is appropriate under 28 U.S.C §1367 (a) because those claims are so related to the Magnuson-Moss claim that they form part or the same case and controversy under Article III of the United States Constitution as evidenced by the fact that all of the Counts asserted in the Amended Complaint rely upon the same set of alleged facts.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1446.

**PLEADINGS**

3. Plaintiff Abraham Mashal ("Mashal") commenced this action against Holiday Kitchens by filing a First Amended Complaint (the "Complaint") on May 21, 2021, in the Circuit Court for Kane County, Illinois, as Case No. 2021SC000226. The Complaint alleged a breach of contract by New Earth. A true and correct copy of the Summons and First Amended Complaint served upon Holiday Kitchens are attached hereto as Exhibit A.

4. Holiday Kitchens has not been served with any other pleadings.

**TIMELINESS OF REMOVAL**

5. Defendant Holiday Kitchens was served with a copy of the Summons and First Amended Complaint on June 15, 2021.

6. The time in which to answer the First Amended Complaint or otherwise plead has not yet expired.

2

7.     Thirty (30) days have not yet expired since Holiday Kitchens was served with a copy of the Summons and First Amended Complaint. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

WHEREFORE, the above-captioned action is hereby removed from the Kane County Circuit Court to this Court.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2021.

von BRIESEN & ROPER, s.c.
Attorneys for Defendant, Holiday Kitchens

By:  /s/ Timothy J. Pike_____
          Timothy J. Pike
          ARDC No. 6273601

P.O. ADDRESS:
411 E. Wisconsin Ave., Suite 1000
Milwaukee, WI  53202
414-221-6602
tpike@vonbriesen.com

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

*Click Here for Instructions*                    Case No. **21 SC 000226**

| ABRAHAM MASHAL | SCHRECK KITCHENS, HOLIDAY KITCHENS | |
|---|---|---|
| Plaintiff(s) | Defendant(s) | **RECEIVED** |
| SERVE: | | **JUN 14 2021** |
| Name: **Mastercraft Industries/Holiday Kitchens** | | BARRON COUNTY SHERIFF'S DEPT. |
| Address: **120 W. Allen Street** | | BY: _____ |
| City, State & Zip: **Rice Lake, Wisconsin 54868** | | File Stamp |

Amount Claimed **75,000.00** _____

Pltf. Atty **Andre P. Gaston** _____        Add. Pltf. Atty _____
Atty. Registration No. **6307509** _____      Atty. Registration No. _____
Address **1901 North Roselle Road, Suite 800**          Address _____
City, State and Zip **Schaumburg, Illinois 60195**      City, State and Zip _____
Attorney E-mail:  **andre.gaston@agastonlaw.com**       Attorney E-mail: _____

### SUMMONS

To the above named defendant(s):

[X]  A.    You are hereby summoned and required to appear before this court in room _____ **250** _____ of the **Kane County Courthouse, 100 S. Third St., Geneva, IL** [▼] at _____ **10:00** m. on _____ **June 28, 2021** _____ to answer the complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

[X]  B.    You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

[ ]  C.    You are further Notified that a dissolution action stay is in full force and effect upon service of this summons.  The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

D.    E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, _____ *5/27/2021* _____ (date)

_Andre P. Gaston_
Clerk of Court

Form 166-A (08/18)      Page 1 of 2

**EXHIBIT A**

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

SERVICE FEES

| | | |
|---|---|---|
| Service and return _____ $ _____ | | |
| Miles _____ ................ _____ | | |
| Total ........................ $ _____ | | |

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____ , Deputy

☐ Special Process Server
(See Order of Appointment in file)

## NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

## CONDITIONS OF DISSOLUTION ACTION STAY

### 750 ILCS 5/501.1

### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from concealing a minor child of either party from the child's other parent. The restraint provided in this subsection (e) does not operate to make unavailable any of the remedies provided in the Illinois Domestic Violence Act of 1986.

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 5/21/2021 3:28 PM    By: RA    Env #13421754

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL DISTRICT

## KANE COUNTY, ILLINOIS

| | |
|---|---|
| ABRAHAM MASHAL )<br><br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>SHRECK KITCHENS, BOWMAN DESIGN )<br>GROUP, LLC. )<br>HOLIDAY KITCHENS )<br>)<br>Defendants. )<br>_____ ) | Case No. 21 SC 000226<br><br>Honorable John Dalton |

Clerk of the Circuit Court
Kane County, Illinois

5/21/2021 2:45 PM

FILED/IMAGED

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### COUNT I
### BREACH OF CONTRACT

**NOW COMES** the Plaintiff, Abraham Mashal (hereinafter "Plaintiff"), and

pursuant to 705 ILCS 205 for his Five Count Complaint at Law against Defendants

Schreck Kitchens/Bowman Design Group, LLC, (hereinafter "Schreck") and Holiday

Kitchens (hereinafter "Holiday") and state as follows:

1.      On and about August 26, 2020, Plaintiff consulted with and entered an

agreement for certain kitchen cabinets, drawers and guides to be produced and

delivered by Defendants and delivered to Plaintiff.

2.      As a condition of this agreement, Defendant Schreck was to deliver said

kitchen cabinets, drawers and guides six to seven weeks after contract execution and

Holiday was responsible for manufacturing the custom kitchen cabinets.

1

3.     The amount of the agreement between Plaintiff and Defendant Schreck was a total of $30,500.00. (A copy of which is affixed and marked as "*Plaintiff's Exhibit A*")

4.     In consideration of this agreement, Plaintiff tendered a check to Defendant Schreck Kitchens for half of the total cost in the amount of $15,250.00.

5.     The deposit was tendered the same day the agreement was finalized between all parties. (A copy of the deposit is affixed and marked as "*Plaintiff's Exhibit B*")

6.     Per the agreement, the cabinets were expected to be produced and delivered within 6 to 7 weeks.

7.     On or about November 8, 2020, Plaintiff was advised that the cabinet order was on schedule.

8.     Plaintiff was advised that his order was expected to be delivered on time.

9.     On or about October 26, 2020, Plaintiff performed a "demo" on his kitchen whereby he removed the old kitchen cabinetry, and all other items necessary for a clean installation for his new cabinets.

10.     The delivery was expected the following week based on the written agreement as well as the verbal updates from Defendant.

11.     On or about November 2, 2020, Plaintiff was advised that there may be a delivery delay of one week and an anticipated delivery date of the week of November 16, 2020.

2

12.     Plaintiff unsuccessfully tried to reach Defendants but were advised by the cabinet manufacturer, Holiday Kitchens, that the cabinets were to be delivered on November 18, 2020.

13.     The cabinets were not delivered on November 18, 2020.

14.     As a result of the untimely delivery, Plaintiff and his family were without the use of their kitchen for an extended period of time thus expending costs to install a temporary sink and oven to prepare meals.

15.     Plaintiff and his wife have five children.

16.     Plaintiff and his wife were advised through dozens of texts messages that the cabinets would be delivered in days.

17.     However, the cabinets were not delivered until January 5, 2020, approximately nineteen months after the executed agreement and 8 weeks beyond the contracted delivery date.

18.     Finally, on January 5, 2021, the cabinets were delivered to Plaintiff.

19.     Schreck was present at the time of delivery along with the contractor hired to install them, Mr. Josh Bockus.

20.     Mr. Bockus is an experienced cabinet installer who owns his own company.

21.     Defendant and Bockus inspected the cabinets and found that over half of the cabinets were damages or were evidenced by flaws.

22     These cabinets were custom ordered cabinets as indicated by the proposal but due to the damage and manufacturing flaws were non-conforming.

3

23.     The damage to the cabinets included but were not limited to cosmetic damages, structural integrity issues and in most cases not repairable.

24.     In order to correct the order, the Plaintiff would need to get new cabinets.

25.     The day after delivery, January 6, 2021, Plaintiff's wife, Schreck and a representative from Holiday Kitchens, conducted a conference call to discuss the damage to the cabinets.

26.     Defendant Schreck and a representative from Holiday Kitchens insisted that Mr. Brockus install the damaged cabinets.

27.     Schreck and Holiday's representatives explained that repair parts could be sent to fix the damaged cabinets or that Brockus could begin repairs himself.

28.     The Mashals were also advised by Defendant (and the Holiday Kitchens representative) that the replacement and repair parts would take a minimum of 10 weeks to receive.

29.     Because of the defective cabinets, Brockus refused to proceed with the cabinet installation and advised the Defendant and his wife of such.

30.     On January 6, 2021, during the Facetime call, Plaintiff's wife expressed her frustration; she then at the direction of Plaintiff rejected the non-conforming goods because Defendant failed to promise adherence to the written agreement; she demanded a refund.

31.     Plaintiff demanded a refund within a week, but Defendant failed to respond.

4

32.     In an effort to remedy the breach, Plaintiff had the cabinets inspected by an independent cabinet builder/installer and was advised not to install the defective product.

## COUNT II
### Violation of Breach of Implied Warranty
### 810 ILCS 5/1-101, *et seq* 111

33.     Plaintiff realleges and adopts by reference all the foregoing allegations as if fully set forth herein.

34.     At all times herein relevant, Defendant was bound by its common law and contractual duties to provide Plaintiff with goods that conformed to the agreement between Plaintiff and Defendant.

35.     Defendants impliedly warranted to Plaintiff that the cabinets would be custom and without defects and structural integrity damages.

36.     The cabinets sold and delivered to Plaintiff are goods as defined by Illinois law and did not comply with the warranty agreed between Plaintiff and Defendant.

37.     The failure to comply with the warranty caused Plaintiff injury.

**WHEREFORE,** Plaintiff prays this Court will:

        a. Award compensatory and punitive damages;

        b. Award attorney's fees and other costs; and

        c. Any other relief the court may deem appropriate.

## COUNT III
### Violation of Breach of Express Warranty
### (810 ILCS 5/2-725) Uniform Commercial Code
### (Against All Defendants)

5

38.     Plaintiff realleges and adopts by reference all the foregoing allegations as if fully set forth herein.

39.     At all times herein relevant, Defendant was bound by its common law and contractual duties to deliver conforming goods (*e.g.* cabinets) to Plaintiff based on the written agreement between the parties.

40.     Defendant expressly warranted that it would deliver custom cabinets to Plaintiff.

41.     Defendant created a warranty by promising and advertising that they would deliver customs cabinets without defects and structural integrity issues.

42.     Defendant made this promise and Plaintiff relied on that promise when he entered an agreement and paid in excess of $15,000.00 as a deposit.

43.     This promise of custom cabinets formed the "basis of the bargain."

44.     Defendants breached that warranty by delivering non-conforming goods and failing to cure the defects after delivery.

**WHEREFORE**, Plaintiff prays this Court will:

> a. Award compensatory and punitive damages;
>
> b. Award attorney's fees and other costs; and
>
> c. Any other relief the court may deem appropriate.

**COUNT IV**
**CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTIVES ACT 815**
**ILCS 505 (Against Schreck)**

45.     Plaintiff realleges and adopts by reference all the foregoing allegations as if fully set forth herein.

46.     Defendant made false statements of material facts when it represented to Plaintiff that it would deliver custom cabinets without defects and structural integrity issues.

47.     Defendant knew the statements to be untrue as the products were delivered with cosmetic and structural integrity issues.

48.     Defendant made the statements with the intent to induce Plaintiff to act by purchasing the custom cabinets and paying the approximate $15,000. deposit.

49.     Plaintiff relied on those statements made by the Defendant.

50.     By relying on the statements, Plaintiff suffered financial and other injuries.

## COUNT V
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. 2301, *et seq.*)
### (Against Holiday Kitchens and Schreck)

51.     Plaintiff re-alleges and adopts by reference all the foregoing allegations as if fully set forth herein.

52.     The Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act"), 15 U.S.C. 2301(3).

53.     Schreck Kitchens/Bowman Design Group, LLC is a "seller" and "warrantor" as defined by the Warranty Act, 15 U.S.C. 2301(4), (5).

54.     The Manufacturer, Holiday Kitchens, is a "seller" and "warrantor" as defined by the Warranty Act, 15 U.S.C. 2301(4), (5).

55.     The cabinets in question is a "consumer product" as defined in the Warranty Act, 15 U.S.C. 2301(1).

7

56.     Schreck Kitchens as assignee of the Holiday Kitchens is a "Seller" and "Warrantor" as defined by the Warranty Act and by state laws.

57.     The cabinets in question were manufactured and sold after August 26, 2020. The express warranties given by Seller and/or Manufacturer and/or required by statute to be given by the Seller and/or Manufacturer, pertaining to the cabinets are "written warranties" as defined in the Warranty Act, 15 U.S.C. 2301(6).

58.     That this sales transaction is subject to the provisions and regulations of the Magnuson-Moss Warranty Act (14 U.S.C. 2301, *et seq*).

59.     Pursuant to said Act, certain language is required to be included in the contract of sale as set forth in the prior allegations set forth herein.

60.     That Holiday Kitchens and Schreck Kitchens are subject to the claims Plaintiff has asserted against Defendant seller Schreck Kitchens and manufacturer Holiday Kitchens.

61.     Plaintiff has suffered damages as a result of Defendants actions and/or inactions as set forth herein.

62.     The above-described actions, including, but not limited to, the failure of Defendants to honor the warranty or to ignore the rules and regulations that constitute breach of the written warranties and of the Warranty Act.

63.     Plaintiffs are entitled to recovery of all monies paid on the cabinets and damages in the form of all out-of-pocket expenses and all other damages, including exemplary and consequential damages as determined by the trier of fact, but exceeding

$25,000, together with all costs and actual reasonable attorney fees as provided for by statute and for whatever other legal and equitable relief the Court may deem proper.

**Wherefore,** Plaintiff, demands judgment against Plaintiff and request to Court enter:

      a. Compensatory damages in the amount of $75,000.00;

      b. Attorney's fees;

      b. Punitive damages; and

      c. All other equitable relief the court deems necessary.

Dated: May 21, 2021          The Law Office of Andre P. Gaston

                    By: /s/ Andre P. Gaston
                       Andre P. Gaston

The Law Office of Andre P. Gaston, P.C.
1901 North Roselle Road, Suite 800
Schaumburg, Illinois 60195
Tel: (630) 560-3692
Fax: (630) 566-0367
Email: andre.gaston@agastonlaw.com

9

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

ABRAHAM MASHAL,

        Plaintiff,

vs.                                       Case No. 21-SC-000226

SHRECK KITCHENS, BOWMAN DESIGN
GROUP, LLC and HOLIDAY KITCHENS,

        Defendants.

## DEFENDANTS' NOTICE OF CONSENT TO REMOVAL

Defendants, Shreck Kitchens and Bowman Design Group, LLC, by their attorneys, Drendel & Jansons Law Group, file this consent to removal under 28 U.S.C. §1446(b).

1.      Plaintiff is Abraham Mashal; the Defendants I represent are Shreck Kitchens and Bowman Design Group, LLC.

2.      On May 21, 2021, plaintiff sued defendants for breach of contract, breach of implied warranty, breach of express warranty, consumer fraud and for alleged violations of the Magnuson-Moss Warranty Act in the Circuit Court of Kane County, Illinois.

3.      The Defendants who I represent were served with the Amended Complaint on May 21, 2021.

4.      On June 25, 2021, Holiday Kitchens, Inc. filed a notice of removal to federal court.

5.      Defendants, Shreck Kitchens and Bowman Design Group, LLC, agree with the notice of removal and consent to removal of this action to federal court.

**EXHIBIT B**

Dated at Batavia, Illinois, this 25th day of June, 2021.

DRENDEL & JANSONS LAW GROUP
Attorneys for Defendants, Shreck Kitchens and
Bowman Design Group, LLC

By: _____
      Lawrence W. Lobb
      ARDC No. 6293245

P.O. ADDRESS:
111 Flinn Street
Batavia, IL 60510
630-406-5440
lwl@batavialaw.com

2